UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────

CHAD DANIEL ABRAMCZAK,

        Plaintiff,

        v.                                          Case No. 23-cv-1173-bhl

BUFFALO COUNTY JAIL,

        Defendant.

─────────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────────

Plaintiff Chad Daniel Abramczak, who is currently in custody at the Buffalo County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Abramczak's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Abramczak requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Abramczak has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed an initial partial filing fee of $84.00. Dkt. No. 5. On September 28, 2023, he submitted $350.00. The Court will therefore grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Abramczak is an inmate at the Buffalo County Jail. Dkt. No. 1. The Buffalo County Jail is the only named defendant. *Id.* at 1.

2

According to the complaint, Abramczak suffered a traumatic brain injury in May 2022. *Id*. at 6. At that time, his primary care doctor told him that it may take up to five years for him to fully heal. *Id*. That doctor also told him that his memory and balance may never return. *Id*.

Abramczak arrived at the Buffalo County Jail at some point after May 2022 (after he had already suffered the traumatic brain injury). He alleges that he has not received "proper medical necessities" at the jail. *Id*. He alleges, "the Buffalo County medical staff refused to treat [him]." *Id*. Specifically, Abramczak has only seen a doctor once and a nurse twice since arriving at the jail. *Id*.

On an unknown date, the jail doctor stated that Abramczak's prior brain injury no longer affected him because it occurred more than one year ago. *Id*. He stated that Abramczak can be incarcerated at the jail because he has no issues. *Id*. But contrary to the jail doctor's statements and prognosis, Abramczak has fainted multiple times at the jail from dizziness, severe headaches, and lack of balance. *Id*. He has gotten bruises on his head, chest, ankle, arms, and legs from his fainting spells. *Id*.

On August 23, 2023, Abramczak fainted in his cell, first falling on a chair then to the ground. *Id*. He experienced severe pain in his chest and ribs. *Id*. Abramczak requested to see the jail nurse, who examined him two days later, on August 25, 2023. *Id*. The jail nurse allegedly disregarded all of his pain and complaints and stated that Abramczak wouldn't be breathing well or walking if he had a broken rib. *Id*.

For relief, Abramczak seeks monetary damages, for his medical conditions to be addressed, and for there to be an "investigation" into mistreatment at the jail. *Id*. at 7.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section §1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The only named defendant is the Buffalo County Jail. A jail is not a "person" within the meaning of §1983; and, instead, is a "non-suable entity." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the jail is not a proper defendant, and because it's unclear whether Abramczak wishes to proceed against any of the *individuals* he mentions in the body of his complaint, the Court will dismiss the original complaint for failure to state a claim upon which relief can be granted.

The dismissal is not final, however. As a general matter, the Court allows *pro se* plaintiffs at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Abramczak an opportunity to file an amended complaint. If Abramczak wishes to proceed with a §1983 claim against any of the *individuals* who may have failed to provide proper medical care at the jail, he must file an amended complaint that contains the following information: 1. Who violated your rights; 2. What each defendant said or did to violate your rights; 3. When they did it, including relevant dates; 4. Where it happened; and 5. Why they did it, if you know. The allegations must be enough to give each individual defendant general notice of the facts and claims Abramczak is asserting against them.

4

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Abramczak to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Abramczak believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Abramczak is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Abramczak files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Abramczak does not file an amended complaint, the Court will likely dismiss this case.

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Abramczak may file an amended complaint that complies with the instructions in this order by **December 4, 2023**. If Abramczak files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Abramczak does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's office mail Abramczak a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints

Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Abramczak is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 3, 2023.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge